IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LAUREN MARIE SELF,

    Plaintiff,

v.

LMBL MANAGEMENT, LLC,
a Florida limited liability company,
f/k/a LMAL MANAGEMENT LLC,
d/b/a EMKO
and LEO KOEL, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, LAUREN MARIE SELF, [herein referred to as "Plaintiff"], by and through her undersigned attorney and hereby files this Complaint against Defendant, LMBL MANAGEMENT, LLC, a Florida limited liability company, f/k/a LMAL MANAGEMENT, d/b/a EMKO and LEO KOEL, individually, and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff, is a resident of Palm Beach County, Florida.

5. Defendant, LBAL MANAGEMENT, LLC, has a principal place of business at 411 Claremore Drive, West Palm Beach, Florida 33401.

6. Defendant LOE KOEL is believed to be a resident of Palm Beach County, Florida.

7. This cause of action arose in Palm Beach County.

8. Palm Beach County, Florida is proper venue for this action because Plaintiff was employed by and had dealings with Defendants in Palm Beach County, Florida.

9. Defendants, failed to pay Plaintiff the mandatory wages as required under state and federal law.

10. Defendants have an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

11. Defendants, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## COMMON ALLEGATIONS

12. Defendants LBAL MANAGEMENT, LLC and LEO KOEL jointly employed Plaintiff as LEO KOEL worked directly or indirectly in the interest of LBAL MANAGEMENT, LLC in relation to Plaintiff, exercised control over the nature and structure of her employment relationship, and exercised control over her employment relationship.

13. Plaintiff was employed with Defendants from on or about March 2019 up to August 23, 2019.

14. Plaintiff's position was that of sous chef with primary duties including cooking, prepping and working in the kitchen.

15. Plaintiff did not have supervisory duties.

16. Plaintiff regularly worked over forty (40) hours in a given work week.

17. Defendants failed to pay Plaintiff the mandatory wages as required under state and federal

law.

18. Defendants failed to pay Plaintiff overtime as required by Federal law.

19. Plaintiff is a non-exempt employee under the FLSA.

20. Plaintiff was not paid time and one half her hourly rate for hours worked over forty (40) in a work week.

21. During her employment Defendants, and each of them, misclassified Plaintiff as an independent contractor. She was under direct supervision, scheduled for her shifts, heavily supervised and control. She worked in the Defendants' kitchen and used their tools and worked with their other employees.

22. Plaintiff was paid $1,926.00 each week, without any payroll taxes deducted.

23. Plaintiff estimates she worked a minimum of 50 hours per week and in some weeks over 60 hours or more. Using an average and her good faith recollection of her hours worked, Plaintiff calculates her damages for 20 weeks of employment as working an average of 52 hours a week. She seeks overtime at her half time rate of $18.52 x 12 hours a week x 20 weeks = $4,444.80 Plaintiff seeks an equal amount as liquidated damages for total damages of $8,889.60

24. Plaintiff's job duties were such that she herself was individually engaged in commerce.

**COUNT I**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**(All Defendants)**

Plaintiff re-alleges Paragraphs 1 through 24 as set forth herein.

25. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

26. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was

employed with the Defendants.

27. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

28. Defendants, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

29. The Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

30. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

31. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

32. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

33. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendants as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 10th day of October 2019.

>SCOTT WAGNER & ASSOCIATES, P.A.
>Jupiter Gardens
>250 South Central Boulevard
>Suite 104-A
>Jupiter, FL 33458
>Telephone: (561) 653-0008
>Facsimile: (561) 653-0020
>
>s/Cathleen Scott
>Cathleen Scott, Esq.
>Florida Bar Number 135331
>Primary e-mail: CScott@scottwagnerlaw.com
>Secondary e-mail: mail@scottwagnerlaw.com
>Secondary Address: 101 Northpoint Parkway
>West Palm Beach, FL 33407
>www.ScottWagnerLaw.com